NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENNIE KIRKLAND,<br><br>    Plaintiff,<br><br>v.<br><br>STAN MORGIEVICH, New Jersey State Trooper, Official & Individual Capacity; PETER C. HARVEY, Attorney General of New Jersey, Official & Individual Capacity; JAMES E. MCGREEVEY, Governor of New Jersey, Official & Individual Capacity; JOHN DOE and/or JANE DOE, Official and Individual Capacity,<br><br>    Defendants. | Civ. No. 04-1651 (WGB)<br><br>MEMORANDUM OPINION |

Appearances

Lennie Kirkland
#264767
East Jersey State Prison
Lock Bag – R
Rahway, NJ 07065

    *Pro Se* Plaintiff

Peter C. Harvey
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

    Attorney for Defendant, Governor James E. McGreevey

1

**BASSLER, SENIOR DISTRICT JUDGE:**

*Pro se* Plaintiff Lennie Kirkland ("Plaintiff"), brings this civil rights action against former New Jersey Governor James E. McGreevey ("Governor McGreevey"), New Jersey Attorney General Peter C. Harvey ("Attorney General Harvey"), and New Jersey State Trooper Stan Morgievich ("State Trooper Morgievich") (collectively as "defendants").  Plaintiff alleges various civil rights violations arising from his arrest by State Trooper Morgievich on April 9, 1991.

Plaintiff seeks damages and injunctive relief against defendants individually and in their official capacities pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff invokes several state constitutional causes of action.

Governor McGreevey has filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For reasons set forth in this Opinion, the Court dismisses Plaintiff's Compliant as to Governor McGreevey.[1]

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, an African-American male, asserts that on April 9, 1991, while driving on the New Jersey Turnpike, he was unlawfully stopped and searched by State Trooper Morgievich.  He alleges that State Trooper Morgievich pulled him over and

---

[1]   Attorney General Harvey and State Trooper Morgievich dispute proper service of the summons and complaint.  That issue is addressed in a separate Order.

2

searched his car without probable cause. Having found illegal substances, State Trooper Morgievich arrested Plaintiff.

Plaintiff was subsequently convicted for possession of a Controlled Dangerous Substance, and sentenced in Bergen County Superior Court to a prison term of ten to twenty years.

Plaintiff's Complaint alleges that on April 19, 2002, Attorney General Harvey's office, overturned and vacated numerous convictions in New Jersey that resulted from arrests in which colorable issues of racial profiling existed. Plaintiff asserts that his conviction was one overturned and vacated on that date.

On April 6, 2004, Plaintiff filed this civil rights lawsuit alleging that he was denied the right to remain free from unwarranted search and seizure by State Trooper Morgievich, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and violations of the New Jersey Constitution, Art. I, ¶¶ 1, 5, and 7.

On October 13, 2004, Governor McGreevey filed a motion to dismiss with prejudice Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's subsequent voluntary dismissal as to Governor McGreevey was withdrawn on January 25, 2005.

## II.  STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations of the Complaint as true, and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v.</u>

Rhodes, 416 U.S. 232, 236 (1974); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  Dismissal under Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The inquiry is not whether the plaintiff will ultimately prevail on the merits, but whether the claimant is entitled to offer evidence to support the claims.  Scheuer, 416 U.S. at 236.  Legal conclusions offered in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morse v. Lower Merion School Dist., 132 F.3d 903, 906 n.8 (3d Cir. 1997)(finding that courts need not credit "bald assertions," "unwarranted inferences," or "sweeping legal conclusions cast in the form of factual allegations") (citing Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997)).

**III. ANALYSIS**

Plaintiff sues Governor McGreevey in both his official and individual capacity.  The Court finds that (1) Plaintiff's claim for damages against Governor McGreevey in his official capacity are barred by the Eleventh Amendment; (2) Plaintiff's claim for injunctive relief fails on the merits;(3) Plaintiff's claim against Governor McGreevey in his individual capacity fails to show causation; and (4) Plaintiff's state constitutional claims

fail as well.

### A. OFFICIAL CAPACITY CLAIMS

#### 1. Plaintiff's Claims For Damages

Plaintiff seeks compensatory and punitive damages jointly and severally against defendants -- Governor McGreevey, Attorney General Harvey, and State Trooper Morgievich -- in the amount of $11 million. This claim for damages against Governor McGreevey in his official capacity fails under the Eleventh Amendment.

The Eleventh Amendment precludes federal jurisdiction over a State absent the State's consent to suit. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1997). State agencies and state officers who act on behalf of the State are also protected by Eleventh Amendment immunity. Natural Res. Def. Council v. Ca. Dep't of Transp., 96 F.3d 420 (9th Cir. 1996) (citing P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-46 (1993) and Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984)). An official capacity suit "is not a suit against the official but rather is a suit against the official's office...[a]s such, it is no different from a suit against the State itself." Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989).

Section 1983 does not override a State's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979). A suit against a state official in his official capacity "is no different from a

5

suit against the State itself....[and]... [n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Hafer v. Melo, 502 U.S. 21, 26 (1991) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)). Accordingly, Governor McGreevey's motion to dismiss this claim is granted.

### 2. Plaintiff's Claims For Injunctive Relief

Plaintiff seeks a declaratory judgment that his civil rights were violated by State Trooper Morgievich, and an injunction ordering that defendants "undergo Departmental changes with the personnel, and hire employees on a professional level under the laws governing the constitution." (Compl. at 6-7.)

Claims for prospective injunctive relief against States and their officials are *not* barred by the Eleventh Amendment. Ex Parte Young, 209 U.S. 123 (1908). Thus, to obtain a dismissal of Plaintiff's claim for injunctive relief, Governor McGreevey must show that Plaintiff has failed to meet the elements required to obtain injunctive relief.

To obtain permanent injunctive relief, a movant must demonstrate: (1) a reasonable probability of success on the merits; (2) irreparable harm if relief is denied; (3) that granting the injunction will not result in greater harm to the non-moving party; and (4) that granting the injunction would serve the public interest. Council for Alternative Political

6

Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Amoco Prod. Co. v. Village of Gambell, AK, 480 U.S. 531, 546 n.12 (1987).

Plaintiff lacks standing to bring a claim for injunctive relief. At a minimum, to have standing for such a suit a plaintiff must be able to show (1) that he has suffered an "injury in fact"; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely that the injury will be redressed by a favorable decision. Clark v. Burger King Corp., 255 F.Supp.2d 334, 341 (D.N.J. 2003) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 180-181 (2000)). Additionally, for standing based on *prospective* injunctive relief, a plaintiff must demonstrate a "real and immediate threat" of injury in order to satisfy the "injury in fact" element. Id. at 341-342.

Plaintiff has failed to assert and cannot demonstrate "a 'real and immediate' threat" of injury. Id. His Complaint alleges past civil rights violations. "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief...." Id. at 342 (internal citations omitted). Plaintiff does not assert any facts that could indicate a "real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice]." W.G. Nichols, Inc. v. Ferguson, No. CIV.A. 01-834, 2002 WL 1335118, at *10 (E.D.Pa. June 7, 2002) (quoting Brown v.

7

<u>Fauver</u>, 819 F.2d 395, 400 (3d Cir. 1987)). Plaintiff, therefore, lacks standing because he cannot satisfy the requirement of an "injury in fact."

Furthermore, Plaintiff's injury is not redressable by a favorable decision. Plaintiff is unable to establish a nexus between ordering departmental changes and new hiring practices, and the alleged violations of his individual civil rights. Thus, Plaintiff lacks standing to bring this suit against Governor McGreevey for prospective injunctive relief.

The Court notes that in failing to show a "real and immediate threat of injury" under the standing analysis, Plaintiff has implicitly failed to satisfy the "irreparable injury" element for injunctive relief itself. <u>In re Arthur Treacher's Franchisee Litig.</u>, 689 F.2d 1137, 1143 (3d Cir. 1982).

Thus, Plaintiff's claims for prospective injunctive relief against Governor McGreevey in his official capacity fail because he does not have standing to assert these claims.

    B.    <u>**INDIVIDUAL CAPACITY CLAIM**</u>

In addition to suing Governor McGreevey in his official capacity, Plaintiff also brings suit against Governor McGreevey in his individual capacity. (Compl. at 1.)

Under the rule set forth in <u>Hafer v. Melo</u>, 502 U.S. 21 (1991), state officials, when sued in their individual capacities, are "persons" for the purposes of § 1983, and as

such, are amenable to being sued. Id. at 23. According to the Supreme Court, State officers sued in their personal capacity "impose[s] individual liability upon a government officer for actions taken under color of state law." Id. at 25. In order to establish personal liability in a § 1983 action, "it is enough to show that the official, acting under color of state law, *caused* the deprivation of a federal right." Id. (citing Ky v. Graham, 473 U.S. 159, 166 (1985))(emphasis added).

In Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), the Third Circuit held that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id. at 1207 (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Plaintiff, however, cannot establish that Governor McGreevey caused the alleged violation of his civil rights. Governor McGreevey accurately asserts that there is nothing alleged in Plaintiff's complaint that could give rise to a claim against Governor McGreevey since he was sworn in as Governor on January 15, 2002, more than 10 years after

9

Plaintiff's arrest.  (Def.'s Br. at 8.)  Plaintiff has also failed to allege any personal involvement by Governor McGreevey with the purportedly wrongful conduct.  (Id. at 9.)

### C.   NEW JERSEY STATE LAW CLAIMS

To the extent that Plaintiff's Complaint is construed to assert state common law violations, those claims fail on procedural grounds.

Plaintiff's Complaint alleges state common law claims against Governor McGreevey for false arrest, false imprisonment, and improper search.  (Compl. at 5.)  Under N.J.S.A. 59:8-3 and 8-8, a claim brought against a public entity or public employee under the New Jersey Tort Claims Act requires the claimant to file notice of the claim with the public entity within 90 days of the accrual of the cause of action.  A cause of action accrues under the New Jersey Tort Claims Act at the time the tort is committed.  Torres v. Jersey City Medical Center, 140 N.J.Super. 323, 356 A.2d 75 (1976).

The Court agrees with Governor McGreevey that Plaintiff has failed to demonstrate compliance with the statute.  Plaintiff's claims accrued on April 9, 1991, the date of the alleged tortious conduct, and Plaintiff failed to file notice of his claims with Governor McGreevey within 90 days of accrual as required by N.J.S.A. 59:8-8(a).  Plaintiff fails to qualify for the "notice of late claim" exception provided in N.J.S.A. 59:8-9; therefore,

to the extent Plaintiff alleges common law tort claims against Governor McGreevey, the Court dismisses those claims as untimely.

**V.    CONCLUSION**

For the foregoing reasons, Governor McGreevey's motion to dismiss Plaintiff's Complaint against him pursuant to Fed. R. Civ. P. 12(b)(6) is hereby **granted with prejudice**.  An appropriate Order follows.


DATED: December 16, 2005

                                        _/s/ William G. Bassler_____
                                        William G. Bassler, U.S.S.D.J.